ALICE BARTHOLOMEW, an Infant, etc., Respondent, *v.* THE
POUGHKEEEPSIE AND HIGHLAND FERRY COMPANY, Ap-
pellant.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Trial.    Charge.*—In an action against a ferry company for injuries caused
by an opening in a bridge which had existed for some days, a charge to
the effect " that a large number of persons went every day on the ferry
and did not get injured, would not excuse the company for not provid-
ing for the case when this obviously dangerous place was to result in
an accident," was held not to present any error.

Appeal from judgment in favor of plaintiff, entered on the
verdict of a jury.

Plaintiff, a child of ten years, was passing with her mother
and aunt to get upon defendant's ferry-boat, when she stepped
into a hole in the bridge and injured her knee so that at the
time of the trial she was unable to use it and suffered great
pain.    This hole was a joint in the bridge which closed at
high tide.    It was usually covered by an iron plate, but the
evidence showed that such plate had heen pushed one side
about a week before and so remained to the knowledge of
defendant.    It also appeared that there was a great deal of
traffic going over at the time of the accident.

The court in its charge to the jury, said that " the fact
that a thousand or ten thousand persons went every day on
the ferry and did not get injured, would not excuse this
company for not providing for the case when this obviously
dangerous place was to result in an accident."

The jury returned a verdict for $5,000.

*Thompson & Lown* (*H. A. Nelson*, of counsel), for appel-
lant.

*Allison Butts*, for respondent.

DYKMAN, J.—This is an action against a ferry company for the recovery of the damages resulting to the plaintiff from an injury sustained by her while walking from the ferry house to the boat upon which she was to embark for passage across the Hudson river at Poughkeepsie.

The injury was caused by an opening in the plank or bridge over which the plaintiff passed, into which she stepped. Her leg went through the opening and her knee joint was injured in a very serious manner.

The trial of the cause resulted in a verdict for the plaintiff which is fully sustained by the evidence and the law applicable to the case. There was but one exception to the charge, and that presents no error.

There is no merit in the appeal, and the judgment and order denying the motion for a new trial should be affirmed.

PRATT, J., concurs ; BARNARD, P. J., not sitting.